UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROSS B. SUMMITT, et al., )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>GATLINBURG AIRPORT AUTHORITY, INC., )<br>    Defendant ) | No. 3:04-CV-366<br>(Phillips) |

## MEMORANDUM AND ORDER

The parties in this action are parties to a condemnation action pending in the Chancery Court for Sevier County, Tennessee. Plaintiffs initially filed a motion for temporary restraining order and for preliminary injunction to prevent the state court from granting possession of the subject property to defendant. This court denied the motion for temporary restraining order and for preliminary injunction on August 17, 2004. On January 31, 2005, the court filed its memorandum and order [Doc. 12] dismissing the case for failure to state a claim upon which relief can be granted. Plaintiffs have now filed a motion to reconsider [Doc. 13].

The court reads a motion for reconsideration as a Fed.R.Civ.P. 59(e) motion to alter or amend a judgment. *See Smith v. Hudson,* 600 F.2d 60, 62-63 (6th Cir. , *cert. dismissed,* 444 U.S. 986 (1979). Rule 59(e) provides a procedure for correcting manifest errors of law or fact or considering the import of newly discovered evidence. A motion to alter or amend judgment made pursuant to Rule 59(e) may be

made for one of three reasons: (1) an intervening change of controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.

A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered. Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before. Where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal. *See Keeweena Bay Indian Community v. State of Michigan,* 152 F.R.D. 562, 563 (W.D.Mich. 1992); *affirmed,* 11 F.3d 1341 (6th Cir. 1993).

Plaintiffs ask the court to vacate its order dismissing this case, restore the status quo, and order the parties to participate in mediation. In the event the case is not resolved in mediation, plaintiffs request time to conduct discovery to establish federal jurisdiction.

Plaintiffs have not asserted any intervening change of controlling law; have not produced any new evidence; nor have they pointed to a clear error of law in the court's previous decision. The plaintiffs' arguments stated in their motion to reconsider are arguments which plaintiffs advanced unsuccessfully in opposition to the defendants' motion to dismiss. The plaintiffs' arguments concerning the land

2

acquisition were given full consideration in the court's memorandum and order filed January 31, 2005.  The court accordingly finds the plaintiffs' motion to reconsider not well taken, and it is **DENIED.**

       **IT IS SO ORDERED.**

                    **ENTER:**

                                  s/ Thomas W. Phillips
                              United States District Judge